IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRIS HERNÁNDEZ-MIRANDA,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

CIVIL NO.: 18-1390 (MEL)

**OPINION AND ORDER**

On February 5, 2020, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 22. On May 1, 2020, counsel Pedro G. Cruz-Sánchez ("Cruz-Sánchez") filed a motion for attorney's fees for the sum of $1,863.48 pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 23. In support of this motion, Cruz-Sánchez submitted a time sheet totaling 9.2 hours of work. ECF No. 23-1. The unopposed motion for EAJA fees was granted by the court. ECF No. 25.

Pending before the court is Cruz-Sánchez's petition for attorney's fees in the amount of $15,000.00 pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b). ECF Nos. 27. In response to said petition, the government filed an "informative motion". ECF No. 33.

Cruz-Sánchez's motion for § 406(b) attorney's fees clarifies that it was not until September 18, 2021 that he received via fax for the first time a Notice of Award that is dated November 2, 2020. ECF No. 27 at 2-3; ECF No. 27-2. Two days later, that is on September 20, 2021, Cruz-Sánchez filed petition for § 406(b) attorney's fees currently pending before the court. Although in the past there had been some uncertainty regarding when these petitions had to be filed, on February 28, 2022 Local Rule 9 of this court was amended providing in its pertinent

part that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. §406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." Although Cruz-Sánchez's motion for §406(b) attorney's fees was filed prior to the effective date of the amendment to Local Rule 9, since this order is being issued after said local rule was amended, Cruz-Sánchez's petition for § 406(b) attorney's fees will be deemed to have been timely filed.

Cruz-Sánchez petition for attorney's fees pursuant to section 406(b)(1) for the sum of $15,000.00 does not exceed 25% of plaintiff's and his family's past-due Social Security benefits as specified in the notice of reinstatement. ECF No. 27-2 (calculating Plaintiff's past-due benefits at $110,590.00 and those of her family at $36,846.00). A copy of the fee agreement between plaintiff and counsel has been submitted, which states, among other matters, that "[t]he attorney may keep either 25% of the past-due benefits if awarded by the court or the EAJA fee, whichever is the higher of the two." ECF No. 27-1 at 1.

As previously stated, Cruz-Sánchez devoted 9.2 hours regarding the case presently before the court. Therefore, if the court were to grant the $15,000.00 in fees requested, this would result in a *de facto* hourly rate of $1,630.43. The *de facto* rate, however, is not the only factor taken into consideration. In the end, court's inquiry makes an assessment as to the reasonableness of the petition for attorney's fees. Another factor to be placed into the equation, for example, is that there is no indication that counsel's conduct has been improper or that his representation was substandard. Nevertheless, Cruz-Sánchez's request for $15,000.00 in attorney's fees is excessive, particularly taking into account that in this case the Commissioner of Social Security filed a consent motion to remand (ECF No. 20), thus sparing plaintiff from having to file a detailed

memorandum in support of the request to reverse the decision of the Commissioner of Social Security.

"Within the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" and not "inordinately large." *Gisbrecht v. Barnhart,* 535 U.S. 789, 805-807 (2002). Although here Cruz-Sánchez's petition is less than 25% of the awarded past-due Social Security benefits, the sum of $15,000.00 requested is not reasonable, not only because of the excessive *de facto rate*, but also because, among other matters, prior to the judgment entered by the court remanding this case to the Commissioner of Social Security, plaintiff's counsel did not have to write a single motion or pleading that exceeded two pages in length. ECF Nos. 1, 2, 3, 4, 9, 12, 13, 15, 16, 17, 19. Moreover, none of these succinct filings contain any in-depth legal analysis, some rely on boilerplate templates, and some are repetitive.

WHEREFORE, Cruz-Sánchez's request for attorney's fees under Section 406(b) is GRANTED IN PART AND DENIED IN PART. Attorney's fees under Section 406(b) are awarded for the sum of $7,500.00. Cruz-Sánchez is ordered to, within seven days of receipt of the 406(b) fees, refund plaintiff Iris Hernández-Miranda the EAJA fees paid to him pursuant to EAJA.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of October, 2022.

s/Marcos E. López<br>U.S. Magistrate Judge